IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief December 13, 2005

## MICHAEL LYNN YOUNGER v. STATE OF TENNESSEE

A Direct Appeal from the Tennessee Claims Commission
No. 20301084     The Honorable Nancy Miller-Herron, Commissioner

No. W2005-02080-COA-R3-CV - Filed January 27, 2006

Appellant, an inmate who was housed in a prison operated by a private prison operating company, filed a claim against the State for medical malpractice with the Claims Commission pursuant to T.C.A. § 9-8-307. The Claims Commission dismissed the claim for lack of jurisdiction because the treating physicians and staff allegedly responsible for the injuries to Appellant were not "state employees," as defined by T.C.A. § 8-42-101(3)(A).  We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Tennessee Claims Commission
Affirmed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Michael L. Younger, Pro Se

Paul G. Summers, Attorney General and Reporter; Arthur Crownover II, Senior Counsel for Appellee, State of Tennessee

### OPINION

Michael Lynn Younger ("Claimant," or "Appellant") is an inmate of the Tennessee Department of Correction ("TDOC").  On July 28, 2003, Mr. Younger filed a "Claim for Negligence" (the "Complaint") with the Tennessee Claims Commission (the "Commission") against the State of Tennessee ("State," "Respondent," or "Appellee").[1]  In his Complaint, Mr. Younger

---

[1] Mr. Younger brought his action under T.C.A. §9-8-307(a)(1)(D), which provides for claims arising from "legal or medical malpractice by a state employee...."  *See* discussion *infra*.

asserts that he is an inmate housed at the Hardeman County Correctional Facility ("HCCF").[2] Mr. Younger alleges that, while he was housed at HCCF, Dr. Jesse Cannon and Mr. James Boyett, HCCF Administrator, were negligent in administering treatment for Mr. Younger's hepatitis. Specifically, Mr. Younger asserts that Dr. Cannon and Mr. Boyett were negligent in treating his hepatitis with the drug, Interferon, without administering a second drug that allegedly made the Interferon drug effective.[3] Mr. Younger also asserts that Dr. Cannon and Mr. Boyett were negligent in changing his medication. Mr. Younger makes further allegations against the "HCCF clinic" for negligence in giving him antibiotics for a toe nail infection. According to Mr. Younger, the antibiotics were not supposed to be administered while he was receiving the Interferon treatment. In his Complaint, Mr. Younger states that he was transferred to the West Tennessee State Penitentiary ("WTSP") on August 29, 2002, and that the "sole reason" for the transfer was "due to the negligence of the medical staff at HCCF."[4] While at WTSP, Mr. Younger was treated by Dr. Adams. In his deposition, Mr. Younger states that he does not know whether Dr. Adams is a State employee (*but see* Affidavit of Donna White, *infra*). Mr. Younger states that WTSP was supposed to transfer him to the DeBerry Special Needs Facility in Nashville ("DSNF") in September, 2002. Mr. Younger was, in fact transferred to DSNF in December, 2002, where he was treated by Dr. Ivens. Dr. Ivens canceled Mr. Younger's hepatitis treatment because Mr. Younger "did not fit the criteria." In his deposition, Mr. Younger admits that Dr. Ivens is not an employee of the State (*see also* Affidavit of Donna White, *infra*).

On August 26, 2003, the State filed its Answer. The State generally denied the material allegations of the Complaint, and denied that "any state employee acted negligently or caused the claimant any injury."

On March 18, 2005, The State filed a "Motion for Summary Judgment," along with a Memorandum of Law in support thereof. The Motion states that Mr. Younger's case should be dismissed because:

> 1) The claimant has not alleged any medical malpractice against any employee of the State of Tennessee; and
> 2) This action should be dismissed on the ground that the claimant fails to state a *prima facie* claim for medical malpractice.

On April 7, 2005, Mr. Younger also filed a motion for summary judgment against the State, along with a memorandum of law and documentation in support thereof. The State filed a response to Mr.

---

[2] In his deposition, taken on March 10, 2005, Mr. Younger admits that HCCF is run by Corrections Corporation of America and not by the State of Tennessee.

[3] It is undisputed in the record that both Dr. Cannon and Mr. Boyett were employees of Corrections Corporation of America not the State of Tennessee.

[4] In his deposition, taken on March 10, 2005, Mr. Younger admits the WTSP is run by Corrections Corporation of America not by the State.

Younger's motion for summary judgment on April 7, 2005, in which it relied upon the grounds set forth in its own motion for summary judgment.

On May 9, 2005, Mr. Younger filed a motion requesting funding for an expert witness to testify on his behalf. The State filed its response to this Motion on May 9, 2005 and asserted that there is no authority for the Commission to pay expert witness fees for the claimant. By Order of May 20, 2005, the Commissioner denied Mr. Younger's request.

On June 3, 2005, Mr. Younger filed a motion to amend his complaint to include individually named defendants. The State responded on June 6, 2005 and asserted that Mr. Younger's motion to amend was untimely and that the Commission does not have jurisdiction to hear actions against individuals because the Commission's jurisdiction is limited to certain enumerated actions against the State. On June 16, 2005, Mr. Younger filed the unsworn statement of Dr. Richard Larry Williams in support of his malpractice claim. On June 22, 2005, the State filed its response to Dr. Williams' statement, which response reads, in pertinent part, as follows:

> Dr. Williams appears to state that the treatment of the claimant by Dr. Jesse Cannon was somehow deficient in that certain drugs were substituted by Dr. Cannon, however, it is important to note that despite Dr. Williams' criticism of the claimant's medical treatment by Dr. Cannon, that Dr. Williams stated in his last note on the claimant that his labs "looked good." Nowhere in this *unsworn* statement does Dr. Williams state that there was any deviation from the accepted standard of medical care by Dr. Cannon or anyone else.

(Emphasis in original).

Contemporaneously with its response, the State filed the Affidavit of Donna White, the Director of Health Services at the TDOC Central Office in Nashville, Tennessee. Ms. White's Affidavit reads, in relevant part, as follows:

> 2. Dr. Jesse Cannon, a physician previously at Hardeman County Correctional Center ("HCCF") in Whiteville, TN, James Boyette, HCCF Health Administrator, and the HCCF nursing staff were all employees of Correctional Corporation of America ("CCA"). They were not employees of the State of Tennessee.

> 3. Dr. Robert Adams contracts with Correctional Medical Services ("CMS") to provide physician services at West Tennessee State Penitentiary ("WTSP") in Henning TN. He is not an employee of the State of Tennessee. The WTSP nursing staff are Community Services Agency ("CSA") employees and are not employees of the State of Tennessee.

-3-

4. Dr. Keith Iv[e]ns is a physician with Correctional Medical Services ("CMS"), who previously was assigned to DeBerry Special Needs Facility ("DSNF") in Nashville. He is not an employee of the State of Tennessee.

On August 2, 2005, the Commission issued an "Order of Dismissal," granting the State's motion for summary judgment. The Order reads, in relevant part, as follows:

> In support of his claim, Claimant submitted an unsworn statement by Richard Larry Williams, M.D., who had treated Claimant and stated that Claimant's therapy was "compromised significantly by the irregular availability of his Ribavirin, the use of Interferon alpha instead of pegylated Interferon; and in short, his chances for eradication of the virus were reduced significantly." Dr. Williams' memorandum mentioned Dr. Cannon, but did not specifically address a deviation from the standard of care.
>
> The Claimant specifically alleges that Dr. Cannon and James Boyett were negligent in his treatment for hepatitis while he was incarcerated at H.C.C.F. Corrections Corporation of America, hereinafter referred to as CCA, a private, for profit company, operates H.C.C.F. Dr. Cannon and James Boyett are employees of CCA and are not considered state employees.
>
> * * *
>
> The affidavit of Ms. Donna White, Director of Health Services for the Tennessee Department of Correction, confirms that Dr. Cannon and James Boyette are employees of CCA, not the State of Tennessee.
>
> Ms. White further stated that Dr. Robert Adams contracts with Correctional Medical Services to provide services at W.T.S.P. and is not an employee of the State. Similarly, Dr. Keith Ivens, previously assigned to Deberry Special Needs Facility, is a physician with Correctional Medical Services and is not an employee of the State. Even members of the nursing staff at W.T.S.P. are actually Community Services Agency employees and not employees of the State.
>
> * * *

The Claimant simply has not alleged medical malpractice by any State of Tennessee employee. It is well settled that a principal is not responsible for the negligent acts of the employees of an independent contractor. *See, e.g., Zimmerman v. Elm Hill Marina*, 839 S.W.2d 760, 762 (Tenn. Ct. App. 1992). While the letter from Dr. Williams indicates possible serious problems with the medical care Claimant has received during his incarceration, his cause of action, if any is against CCA and/or Correctional Medical Service, not the State of Tennessee.

Therefore, the State is entitled to judgment as a matter of law and the motion for summary judgment is **GRANTED**.

(Citations to record omitted).

Mr. Younger appeals, *pro se*, and raises one issue for review as stated in his brief:

(1) Tennessee Code Annotated Section 9-8-307(a)(1)(D), which provides for claims arising from the "medical malpractice by a state employee; provided, that the state employee has a professional/client relationship with the claimant." The Claimant has brought forth reasoning that the State of Tennessee had a[n] above described relationship. (2) The named officials were employees of the State as admitted in the notice of omission submitted by the State.

We restate the issue as follows: Whether the trial court erred in granting the State's motion for summary judgment on the ground that Mr. Younger has not alleged medical negligence against any employee of the State.

Appeals from the Tennessee Claims Commission are reviewed *de novo* upon the record with a presumption of correctness of the findings of fact by the Commission. *Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App.1989); Tenn. R. App.P. 13(d). No such presumption attaches to the Commission's conclusions of law. Tenn. R. App.P. 13(d)

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On motion for summary judgment, the court must take the strongest legitimate view of evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

Once it is shown by the nonmoving party that there is no genuine issue of material fact, the nonmoving party must them demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Id*. at 210-11 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn .1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's denial of summary judgment is de novo on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

Mr. Younger brought his claim before the Commission under T.C.A. § 9-8-307 (Supp. 2005), which sets out the jurisdiction of the Claims Commission and provides, in relevant part, as follows:

(a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," as defined in § 8-42-101(3), falling within one (1) or more of the following categories:

* * *

(D) Legal or medical malpractice by a state employee; provided, that the state employee has a professional/client relationship with the claimant

T.C.A. § 8-42-101(3)(A) (Supp. 2005) defines a "state employee," in relevant part, as:

"State employee" means any person who is a state official, including members of the general assembly and legislative officials elected by the general assembly, or any person who is employed in the service of and whose compensation is payable by the state, or any person who is employed by the state whose compensation is paid in whole or in part from federal funds, but does not include any person employed on a contractual or percentage basis.

-6-

In the instant case, the State provides the Affidavit of Donna White. As set out above, this Affidavit indicates that none of the medical aid rendered to Mr. Younger was administered by an employee of the State. Rather, each of these individuals was an employee of an independent contractor. Mr. Younger provides no evidence to contradict Ms. White's assertions.

This Court has previously held that CCA employees are not state employees. *See Martin v. State*, No. No. M1999-01642-COA-R3-CV, 2001 WL 747640 (Tenn. Ct. App. July 5, 2001). The *Martin* Court noted that, under the Private Prison Contract Act of 1986 (as codified at T.C.A. §41-24-107(b)), the sovereign immunity of the State does not apply to private contractors, such as the CCA. *Martin*, at *2. The *Martin* Court specifically stated that, "[w]here the acts complained of were not committed by state employees, the State enjoys sovereign immunity." Consequently, as the Commission correctly found, the proper defendant for negligence claims arising from the action of private contractors, or their employees, in operating correctional facilities is the contractor, and not the State. *See also Greer v. Corrections Corp. of America*, No. 01A01-9604-CH-00150, 1996 WL 697942 at *2 (Tenn. Ct. App. Dec. 6, 1996) (no Tenn. R. App. P. 11 application filed).

For the foregoing reasons, we affirm the Order of the Commission granting the State's motion for summary judgment. Costs of this appeal are assessed against the Appellant, Michael Lynn Younger, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.