IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. DAVID GILLIAM
## and JOE EDWARD MCCOWN, III

**Appeal from the Criminal Court for Hamilton County**
**Nos. 268800 and 268801      Rebecca J. Stern, Judge**

**No. E2009-01079-CCA-R3-CD[1] - Filed July 6, 2010**

In this consolidated appeal, the State challenges the trial court's dismissal of the charges of official misconduct, *see* T.C.A. § 39-16-402 (2006), and official oppression, *see id.* § 39-16-403, against each defendant. The State contends that the court erroneously concluded that the defendants, as employees of Corrections Corporation of America, were not public servants as that term is used in Tennessee Code Annotated sections 39-16-402 and -403. Because we agree with the State, we reverse the trial court's order dismissing the charges in each case and remand the cases to the Criminal Court of Hamilton County.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and J.C. MCLIN, J., joined.

Lisa Z. Bowman, Chattanooga, Tennessee (on appeal), and Lisa A. Espy, Chattanooga, Tennessee (at trial), for the appellant, David Gilliam.

Cindy P. Bice, Chattanooga, Tennessee, for the appellant, Joe Edward McCown, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox, III, District Attorney General; and William Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]In response to the State's motion, this court consolidated case numbers E2009-01079-CCA-R3-CD and E2009-01233-CCA-R3-CD into the single case number E2009-01079-CCA-R3-CD.

**OPINION**

In July 2008, the State charged the defendants, David Gilliam and Joe Edward McCown, III, both of whom worked as correctional officers at the Hamilton County Workhouse, by indictment with one count of official misconduct, *see* T.C.A. § 39-16-402, and one count of official oppression, *see id.* § 39-16-403. Shortly thereafter, defendant Gilliam moved the trial court to dismiss the indictment on the basis that he, as an employee of Corrections Corporation of America ("CCA"), did not qualify as a "public servant" as that term is used in the statutes proscribing official misconduct and official oppression. The trial court agreed and granted Gilliam's motion to dismiss on April 27, 2009. Later, defendant McCown's counsel orally moved the court to dismiss the charges on the same basis, and the trial court granted the motion. The State filed a timely notice of appeal pursuant to Tennessee Rule of Appellate Procedure 3, and this court granted the State's request to consolidate the appeals.

The single question raised in this appeal, whether the defendants in this case are subject to prosecution via Code sections 39-16-402 and -403, is a question of law subject to de novo review. *Larsen-Ball v. Ball*, 301 S.W.3d 228, 232 (Tenn. 2010) ("The construction of a statute and its application to the facts of a case are questions of law, which we review de novo with no presumption of correctness afforded to the lower court's conclusions."); *see also Lavin v. Jordon*, 16 S.W.3d 362, 364 (Tenn. 2000).

In an issue of first impression, the defendants in this appeal claim that because they are correctional officers employed by private prison contractor CCA, they are not "public servants" and cannot, therefore, be prosecuted under the terms of Code sections 39-16-402 and -403. The State, citing *Alex Friedmann v. Corrections Corporation of America*, No. M2008-01998-COA-R3-CV (Tenn. Ct. App., Nashville, Sept. 16, 2009), *perm. app. denied* (Tenn. 2010), contends that the defendants are public servants because they are performing a service traditionally entrusted to the government.

Initially, we note that although not cited by the parties or the trial court, Tennessee Code Annotated section 41-24-108 specifically extends the provisions of Code sections 39-16-402 and -403 to employees of private prison contractors: "The provisions of title 39, chapter 16 . . . shall apply to offenses committed by or with regard to inmates assigned to facilities or programs for which a prison contractor is providing correctional services." T.C.A. § 41-24-108 (2006). The unambiguous terms of this statute, which is part of the Private Prison Contracting Act of 1986, clearly subject the defendants to criminal liability for "offenses committed . . . with regard to inmates" assigned to the Hamilton County Workhouse, where the defendants were employed.

Moreover, because we agree with the court of appeals that by operating a correctional facility, a function traditionally performed by the State, CCA and its employees were engaged in a governmental function, *see Alex Friedmann*, slip op. at 11, we conclude that the defendants qualify as public servants as that term is used in Code sections 39-16-402 and -403. Tennessee Code Annotated section 39-16-402 provides:

(a) A public servant commits an offense who, with intent to obtain a benefit or to harm another, intentionally or knowingly:

(1) Commits an act relating to the servant's office or employment that constitutes an unauthorized exercise of official power;

(2) Commits an act under color of office or employment that exceeds the servant's official power;

(3) Refrains from performing a duty that is imposed by law or that is clearly inherent in the nature of the public servant's office or employment;

(4) Violates a law relating to the public servant's office or employment; or

(5) Receives any benefit not otherwise authorized by law.

T.C.A. § 39-16-402(a). Code section 39-16-403 provides:

(a) A public servant acting under color of office or employment commits an offense who:

(1) Intentionally subjects another to mistreatment or to arrest, detention, stop, frisk, halt, search, seizure, dispossession, assessment or lien when the public servant knows the conduct is unlawful; or

(2) Intentionally denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity, when the public servant knows the conduct is unlawful.

T.C.A. § 39-16-403.  Code section 39-16-401 defines the term public servant:

> (3) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one (1) of the following even if the public servant has not yet qualified for office or assumed the duties:
>
> > (A) An officer, employee, or agent of government;
> >
> > (B) A juror or grand juror;
> >
> > (C) An arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;
> >
> > (D) An attorney at law or notary public when participating in performing a governmental function;
> >
> > (E) A candidate for nomination or election to public office; or
> >
> > (F) A person who is performing a governmental function under claim of right although not legally qualified to do so.

T.C.A. § 39-16-401.  As the court of appeals explained,

> [W]e conclude, without difficulty, that . . . CCA is operating that facility as the functional equivalent of a state agency . . . .  The providing of prisons is a responsibility that the State cannot delegate to a private entity.  While the State can contract with a private entity such as CCA to operate a prison consistent with the provisions of the Private Prison Contracting Act of 1986, the ultimate responsibility to provide for its prisoners belongs to the State of Tennessee.

*Alex Friedmann*, slip op. at 12.  As the court observed, our state constitution requires that the State provide for "the erection of safe prisons, the inspection of prisons, and the humane treatment of prisoners."  Tenn. Const. art. 1, § 32; *see Alex Friedmann*, slip op. at 11.  We conclude, as did the court of appeals, that the performance of this constitutionally mandated duty cannot be "considered anything less than a governmental function."  *Alex Friedmann*,

-4-

slip op. at 11. As such, the defendants, whose job was the oversight of and provision for the incarcerated, were likewise performing a governmental function, a function, we would add, that our Code gives them the lawful right to do. *Cf. State v. Lankford*, 51 S.W.3d 212, 217 (Tenn. Crim. App. 2001) ("There is nothing in the escape statute to support treating out-of-state prisoners housed in private prison facilities differently from in-state prisoners housed in similar facilities. The defendants were no less in 'custody,' for the purposes of the [Tennessee escape] statute, than would be a Tennessee prisoner housed in a private facility pursuant to a contract between the Tennessee commissioner of correction and a private prison company.").

As further support for our conclusion, we observe that this court, in *Lankford*, concluded that the defendants in that case, Montana prisoners housed in a CCA facility in this state, were in "custody" as that term is used in Code section 39-16-601. That statute provides: "'Custody' means under arrest by a law enforcement officer or under restraint by a public servant pursuant to an order of a court." T.C.A. § 39-16-601(2). Because employees of private prison contractors are not law enforcement officers, *see id.* § 39-11-106(21) ("'Law enforcement officer' means an officer, employee or agent of government who has a duty imposed by law to . . . [m]aintain public order; or . . . [m]ake arrests for offenses, whether that duty extends to all offenses or is limited to specific offenses; and . . . [i]nvestigate the commission or suspected commission of offenses."), this court's conclusion that Lankford and McKeon had satisfied the "custody" requirement necessarily included a conclusion that they were "under restraint by a public servant."

The trial court's reliance on *Younger v. State*, 205 S.W.3d 494 (Tenn. Ct. App. 2006), is misplaced. There, the court of appeals concluded that "the proper defendant for negligence claims arising from the action of private contractors, or their employees, in operating correctional facilities is the contractor, and not the State." *Younger v. State*, 205 S.W.3d 494, 499 (Tenn. Ct. App. 2006). As such, this holding has no bearing on the issue whether the defendants in this case are public servants under the terms of Code section 39-16-402 and -403.

Because Code section 41-24-108 specifically extends criminal liability under Code sections 39-16-402 and -403 to the employees of private prison contractors, we conclude that those statutes apply to the defendants in this case. Further, because the defendants were performing a governmental function, they qualify as public servants as that term is used in Code sections 39-16-402 and -403. In consequence, the trial court erroneously dismissed the indictments in this case.

Accordingly, the judgments of the trial court are reversed, and the cases are remanded to the trial court for further proceedings.

_____
JAMES CURWOOD WITT, JR., JUDGE