IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 4, 2017

## MARK W. GIVLER v. STATE OF TENNESSEE

Appeal from the Tennessee Claims Commission
No. T20170894      William O. Shults, Commissioner

_____

No. E2017-01517-COA-R3-CV

_____

This case originated when the plaintiff, who was incarcerated in the Tennessee Department of Correction facility at Mountain City, Tennessee, filed a claim against the State of Tennessee ("the State"), alleging that medical professionals at the correctional facility had provided him with untimely and inadequate medical care for a serious heart condition. Finding that the plaintiff's allegations concerned individuals who were not employed by the State, the Claims Commission ("Commission") initially dismissed the claim for lack of subject matter jurisdiction. The plaintiff subsequently attempted to file a proposed amendment naming State employees as defendants and then a second claim, resulting in the instant action. The State filed a motion to dismiss, asserting the defense of *res judicata*. Finding that the plaintiff had misnumbered his proposed amendment to the original claim, the Commission treated the proposed amendment and second claim together as an amended claim. Ultimately determining that the plaintiff had alleged a health care liability action but failed to comply with the statutory prerequisites for such a suit and that he had failed to establish the Commission's jurisdiction over intentional or criminal acts allegedly committed by State employees, the Commission entered a final order dismissing the action. The plaintiff has appealed. Determining that the plaintiff has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Mark W. Givler, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Pamela S. Lorch, Senior Counsel, for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

The plaintiff, Mark W. Givler, initially filed a complaint in January 2015 with what was then the Tennessee Division of Claims Administration ("DCA"), which subsequently transferred the complaint to the Commission, pursuant to Tennessee Code Annotated § 9-8-402(c) (2012).[2] Mr. Givler alleged that while incarcerated, he had received inadequate and untimely medical care for months leading up to his eventual hospitalization and surgical procedure for a serious heart condition in September 2015. Upon the State's motion to dismiss, the Commission entered an order dismissing the initial claim on July 7, 2016, finding that the Commission did not have subject matter jurisdiction over the claim because Mr. Givler had alleged claims of professional negligence against medical personnel who were employees of a contractor and not employees of the State. *See* Tenn. Code Ann. § 9-8-307(a)(1)(D) (2012 & Supp. 2017) (setting forth the jurisdiction of the Commission in claims of professional malpractice over the acts or omissions of state employees); *Younger v. State*, 205 S.W.3d 494, 499 (Tenn. Ct. App. 2006), *perm. app. denied* (Tenn. July 3, 2006) ("[T]he proper defendant for negligence claims arising from the action of private contractors, or their employees, in operating correctional facilities is the contractor, and not the State.").

Mr. Givler filed the instant complaint on December 7, 2016, with the DCA, and it was transferred to the Commission on March 7, 2017. The Commission subsequently received Mr. Givler's proposed amendment to the complaint on March 31, 2017. In ultimately granting Mr. Givler's motion to amend the complaint, the Commission summarized Mr. Givler's allegations and the relevant and somewhat convoluted procedural history as follows:

> The claim primarily involves Mr. Givler's allegations that because of negligent actions or inactions on the part of State employees, he did not receive timely and adequate treatment for a serious heart disorder. [Mr. Givler] alleged that because of the State's negligence, he underwent a complicated heart procedure[] carried out at the Johnson City Medical

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Effective May 4, 2017, the Division of Claims Administration has been renamed the Division of Claims and Risk Management. *See* 2017 Tenn. Pub. Acts, Ch. 271 § 1 (S.B. 623).

Center on September 25, 2015. Mr. Givler alleges that the whole experience has caused him both physical and mental injuries.

The allegations dealt with here have been complicated by [Mr. Givler] himself by the misnumbering of an amendment he attempted to make in Claim No. T20150969 which the Commission dismissed per an Order signed by us on July 1, 2016. The basis of that dismissal was that allegations of healthcare liability which [Mr. Givler] made in that case were not jurisdictionally proper before the Commission since the medical professionals [Mr. Givler] named in that action were not State employees.

However, [Mr. Givler] candidly admits that a proposed amendment he attempted to make in claim No. T20150969, i.e. No. T20160969, was misnumbered, and in fact there never was and never has been a Claim No. T20160969. In fact, Mr. Givler characterizes that numeration as creating a "ghost claim." Rather he explains, his proposed amendment in Claim No. T20160969 should have been filed in Claim No. T20150969 and consequently, the Commission has never ruled on the allegations he proposed to make against the following State employees at NECX [Northeast Correctional Complex] at the time of the State's alleged negligence:  1) Warden Gerald McAllister; 2) Assistant Warden Todd Wiggins; 3) Ms. Georgia Crowell, Administrator, Medical Department at NECX; and 4) Sergeant Douthitt, Grievance Chairperson at the time. A fourth category is denominated "et al." but no individuals are named in that category.

The Commission notes that our Order Dismissing Claim of July, 2016, was filed in Claim No. T20150969. However, Mr. Givler's misnumbering of the amendments he proposed to make in that case confused him and even the Office of the Attorney General.

In an attempt to bring before us the allegations against the individuals named above, Mr. Givler, on December 7, 2016, filed the matter now before the Commission. That claim has been given the number T20170894. The claim is directed at alleged negligent actions or inactions committed by the State employees named above.

In response to [Mr. Givler's] most recent filing, the State has lodged with us a Motion to Dismiss along with a supporting Memorandum of Law. In its Motion, the State relies primarily on the doctrine of *res judicata* and contends that Mr. Givler's most recent claim fails to allege a matter upon

3

which relief can be granted, and therefore it must be dismissed under Tenn. R. Civ. P. 12.02(6). The State argues that the facts set out in this most recent claim mirror almost exactly the allegations made in Claim No. T20160969 (sic). Of course, in light of the facts recited above, there never has been a Claim No. T20160969, and what Mr. Givler was attempting to do was amend his claim in No. T20150969.

At the same time it filed its Motion to Dismiss, the State also filed a Response in Opposition to Motion to Amend, again based on a *res judicata* argument.

Because there has been so much confusion in this case, primarily because of an error made by [Mr. Givler] himself, the Commission will **DENY** the State's opposition to amending this claim in order that a final resolution can be made regarding the allegations made against McAllister, Wiggins, Crowell, and Douthitt. However, the Commission reiterates here our holding in Claim No. T20150969 that the allegations made against certain medical professionals who were not State employees at the time of the underlying events still stands since we certainly do not have jurisdiction over allegations based on the actions or inactions of those individuals under Tenn. Code Ann. § 9-8-307(a)(1).

Upon consideration of the pleadings, including Mr. Givler's "Motion in Response to the State's Motion to Dismiss" and accompanying memorandum, the Commission dismissed Mr. Givler's complaint in an order entered July 3, 2017. The Commission found that, *inter alia*, (1) Mr. Givler had failed to fulfill the requirements for initiating a health care liability action necessary to his allegations against Ms. Crowell's administration of the prison medical department, *see* Tenn. Code Ann. §§ 29-26-121, 29-26-122 (2017), and (2) the Commission did not have subject matter jurisdiction over intentional acts allegedly committed against Mr. Givler by employees of the State, *see* Tenn. Code Ann. § 9-8-307(d) ("The state will not be liable for willful, malicious, or criminal acts by state employees, or for acts on the part of state employees done for personal gain."); *Shell v. State*, 893 S.W.2d 416, 421 (Tenn. 1995) (explaining that the Commission "does not have jurisdiction over any intentional torts"). Mr. Givler timely appealed to this Court.

On appeal, Mr. Givler has filed a principal brief and, in response to the State's responsive brief, a reply brief. Each of Mr. Givler's briefs consists of one narrative section, divided solely by such headings as "REALITY CHECK (SUMMARY)," "HEED THIS," and "SO BE IT." Mr. Givler's only citations to the record are in his principal brief and consist of one quote each from the Commission's two orders of dismissal. Mr.

4

Givler's arguments are conclusory and unsupported by legal authority. In addition to repeating the allegations of his complaints, Mr. Givler asserts his belief that the entire judicial system is "corrupt."

We recognize that Mr. Givler is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained that "[p]ro *se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988), *perm. app. denied* (Tenn. Jan. 3, 1989). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), *perm. app. denied* (Tenn. Jan. 26, 2004).

Mr. Givler's appellate briefs filed with this Court fail to comply with Tennessee Rule of Appellate Procedure 27 or Tennessee Court of Appeals Rule 6. Tennessee Rule of Appellate Procedure 27 states in pertinent part:

> (a)     Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> > (1)     A table of contents, with references to the pages in the brief;
> >
> > (2)     A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> >
> > * * *
> >
> > (4)     A statement of the issues presented for review;
> >
> > (5)     A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> >
> > (6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

5

(7)     An argument, which may be preceded by a summary of argument, setting forth:

    (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8)     A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)     Written argument in regard to each issue on appeal shall contain:

(1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4)     A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)    No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Mr. Givler's *pro se* status, we still must conclude that his appellate briefs contain numerous significant deficiencies with regard to the above-listed requirements. Mr. Givler's briefs lack a table of contents, table of authorities, statement of the issues, and statement of the case as required by Tennessee Rule of Appellate Procedure 27(a). Importantly, other than the two quotations from the Commission's orders, Mr. Givler's appellate briefs contain no citations or references to the record on appeal and no citations to any legal authority to support his factual allegations and arguments. *See* Tenn. R. App. P. 27; Tenn. Ct. App. R. 6. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000), *perm. app. denied* (Tenn. Feb. 26, 2001). Moreover, Mr. Givler's appellate briefs are replete with unsubstantiated allegations against individuals, the State Attorney General's Office, the State as an entity, the Commission, and the entire judicial system.

As this Court has explained:

> For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen,* 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas,* 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean*, 40 S.W.3d at 54-55.

In the instant case, the deficiencies within Mr. Givler's appellate briefs are so substantial that it is difficult for us to determine his legal argument and separate the relevant facts from his conclusory assertions. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014), *perm. app. denied* (Tenn. Feb. 19, 2015):

We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, we cannot unfairly disadvantage the defendant in this matter by serving as Mr. Givler's attorney. *See id.*; *Young*, 130 S.W.3d at 63. Therefore, Mr. Givler's issues, insofar as they are presented on appeal, are deemed waived. *See Bean*, 40 S.W.3d at 54-55.

## Conclusion

For the reasons stated above, the appeal of this matter is dismissed. The case is remanded to the Commission for collection of costs assessed below. Costs on appeal are assessed to the appellant, Mark W. Givler.

_____
THOMAS R. FRIERSON, II, JUDGE

8