
# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs February 2, 2017

## HIAM ALSHINNAWI v. JUDY DENRY

### Appeal from the Circuit Court for Rutherford County
No. 70300     J. Mark Rogers, Judge

_____

### No. M2016-00177-COA-R3-CV

_____

This case originated when the plaintiff filed an action against the defendant process server, alleging that the defendant failed to accomplish service within the specified time period. The plaintiff's action was dismissed by the trial court due to the plaintiff's failure to present sufficient evidence to prove her case at trial. The plaintiff timely appealed. Because the plaintiff has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Hiam Alshinnawi, Roswell, Georgia, Pro Se.

Derek R. Howard, Murfreesboro, Tennessee, for the appellee, Judy Denry.

### MEMORANDUM OPINION[1]

The plaintiff, Hiam Alshinnawi, filed a civil warrant in the Rutherford County General Sessions Court ("General Sessions Court") against the defendant, Judy Denry, alleging that Ms. Denry failed to accomplish service of process upon an individual after

---

[1] Tennessee Court of Appeals Rule 10 provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

receiving payment to do so. The General Sessions Court issued summons to Ms. Denry to appear on June 23, 2015. The record is sparse and contains no court order from the June 23, 2015 trial date. A letter from Ms. Alshinnawi appears in the record, reflecting that she had attempted to change the court date, failed to appear in court on June 23, 2015, and had her case dismissed by the General Sessions Court. Thereafter, Ms. Alshinnawi filed a blank form "Motion," with no actual pleading included, with the General Sessions Court, which was "denied w[ith] prejudice" on September 11, 2015.

Ms. Alshinnawi appealed to the Rutherford County Circuit Court ("trial court"). The trial court, reviewing the matter *de novo*, conducted a trial on November 5, 2015. The trial court ultimately ruled in favor of Ms. Denry, finding that "[Ms. Alshinnawi] failed to meet her burden of proof" and that the matter should be dismissed.[2] Ms. Alshinnawi timely appealed to this Court.

As her appellate brief, Ms. Alshinnawi initially filed a document resembling a letter directed to this Court. Ms. Alshinnawi informed the clerk of this Court that the letter should be treated as her appellate brief. On August 19, 2016, upon determining this document to be noncompliant with Tennessee Rule of Appellate Procedure 27, this Court ordered that the document be stricken and afforded Ms. Alshinnawi an additional fourteen days within which to file an appellate brief that substantially complied with Tennessee Rule of Appellate Procedure 27. In its order, this Court informed Ms. Alshinnawi that "[a]ny facts asserted in the brief shall be supported by appropriate citations to the record on appeal" and that this Court "will not consider any facts not supported by the record on appeal." Ms. Alshinnawi subsequently filed a motion for an extension of time to file her appellate brief, which was granted. The time to file an appellate brief was extended to October 3, 2016. Ms. Alshinnawi filed a second motion for extension of time to file her appellate brief, and this Court granted Ms. Alshinnawi an additional fourteen days in which to file her appellate brief. On October 17, 2016, Ms. Alshinnawi filed her appellate brief with this Court. Ms. Denry did not file a responsive brief in this matter.

We recognize that Ms. Alshinnawi is a *pro se* litigant and respect her decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I. 1987). Conducting a trial with a *pro se*

---

[2] We note that the record is completely devoid of a transcript or statement of the evidence from the trial on November 5, 2015. *See* Tenn. R. App. P. 24(b), (c). On March 29, 2016, Ms. Alshinnawi filed a letter in the trial court, notifying the court that she did not wish to file a transcript or statement of the evidence.

litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App. 3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Ms. Alshinnawi's appellate brief filed with this Court fails to comply with Tennessee Rule of Appellate Procedure 27 or Tennessee Court of Appeals Rule 6. Tennessee Rule of Appellate Procedure 27 states in pertinent part:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> * * *
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:

> (A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B)    for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .
>
> (8)    A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

> (a)    Written argument in regard to each issue on appeal shall contain:
>
> (1)    A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> (2)    A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3)    A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4)    A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> (b)    No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Ms. Alshinnawi's *pro se* status, we still must conclude that her appellate brief contains numerous significant deficiencies with regard to the above-listed requirements. First, Ms. Alshinnawi's brief completely lacks a table of authorities as required by Tennessee Rule of Appellate Procedure 27(a)(2). Importantly, Ms. Alshinnawi's entire appellate brief contains no citations or references to the record on appeal and no citations to any legal authority to support her factual allegations and arguments. *See* Tenn. R. App. P. 27; Tenn. Ct. App. R. 6. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

In addition to a failure to provide citations to the record, the majority of Ms. Alshinnawi's statements of fact within her appellate brief are not supported anywhere within the record on appeal. Furthermore, in Ms. Alshinnawi's "Statement of the Issue Presented for Appeal," she states: "I will prove that she gave the dates to serve the subpoena after I withdrew the case from her." (Emphasis added.) Ms. Alshinnaw is not permitted to present additional evidence to this Court that was not presented in the trial court. *See Dorrier v. Dark,* 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts[.]").

As this Court has explained:

> For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen,* 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas,* 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean*, 40 S.W.3d at 54-55.

In the instant case, the deficiencies within Ms. Alshinnawi's appellate brief are so substantial that it is difficult for us to determine Ms. Alshinnawi's argument and the relevant facts. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible.  Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth.  Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel.  To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, we cannot unfairly disadvantage the defendant in this matter by serving as Ms. Alshinnawi's attorney.  *See id.*; *Young*, 130 S.W.3d at 63.  Therefore, Ms. Alshinnawi's issues presented on appeal are deemed waived.  *See Bean*, 40 S.W.3d at 54-55.

<u>Conclusion</u>

For the reasons stated above, the appeal of this matter is dismissed.  The case is remanded to the trial court for collection of costs assessed below.  Costs on appeal are assessed to the appellant, Hiam Alshinnawi.

_____
THOMAS R. FRIERSON, II, JUDGE