IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2017

## CHARLES BEARD v. ARVIN W. GLASS ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 71376    Howard W. Wilson, Chancellor**

---

**No. M2016-02395-COA-R3-CV**

---

The plaintiff filed this action against the defendants, alleging that the plaintiff had been wrongfully expelled from the Prince Hall Masonic organization. The plaintiff further alleged that he had been defamed and his reputation damaged. The action was dismissed by the trial court due to the plaintiff's failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction. The plaintiff timely appealed. Because the plaintiff has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Charles Beard, Murfreesboro, Tennessee, Pro Se.

Isaac T. Conner and Afton Strong, Nashville, Tennessee, for the appellees, Arvin W. Glass, Grandmaster, and Most Worshipful Prince Hall Grand Lodge.

**MEMORANDUM OPINION[1]**

The plaintiff, Charles Beard, filed a complaint on May 23, 2016, in the Rutherford County Circuit Court ("trial court"), naming as defendants Arvin W. Glass, Grandmaster,

---

[1] Tennessee Court of Appeals Rule 10 provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and Most Worshipful Prince Hall Grand Lodge (collectively, "Defendants"). Mr. Beard, proceeding self-represented, alleged that he had been wrongfully expelled from the Prince Hall Masonic organization by Mr. Glass. Mr. Beard also alleged that he had been defamed by Mr. Glass, resulting in damage to his reputation. Mr. Beard sought damages and reinstatement to the organization.

Defendants filed a motion to dismiss on October 18, 2016, asserting that Mr. Beard had failed to state a claim upon which relief could be granted. Defendants claimed that Mr. Beard had failed to provide a short and plain statement of the facts upon which his claims were based and also that he had failed to state his claims with sufficient specificity. Defendants further asserted that the trial court had no subject matter jurisdiction regarding what was, essentially, an "intra-fraternity dispute." Mr. Beard responded by filing various documents in support of his complaint, including correspondence between Mr. Beard and Mr. Glass, excerpts from the Prince Hall Masonic Code and Constitution, and press releases.

The trial court conducted a hearing regarding the motion to dismiss on October 28, 2016. In its resultant order, dated November 1, 2016, the court dismissed Mr. Beard's claims for failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction. Mr. Beard timely appealed. On appeal, Mr. Beard filed a document entitled, "Brief in Support of Appeal and Petition for Summary Judgment," which this Court treated as the principal brief of the appellant. Mr. Beard also filed an amendment to his brief. Following our review of these documents, however, we determine that Mr. Beard has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6.

We recognize that Mr. Beard is a *pro se* litigant and respect his decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. *Gray v. Stillman White Co.,* 522 A.2d 737, 741 (R.I. 1987). Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. *Oko v. Rogers,* 125 Ill. App. 3d 720, 81 Ill. Dec. 72, 75, 466 N.E.2d 658, 661 (1984). Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

As a threshold matter, we address, *sua sponte*, Mr. Beard's failure to comply with the Tennessee Rules of Appellate Procedure and the rules of this Court. Tennessee Rule of Appellate Procedure 27 states in pertinent part:

>   (a)   Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
>   (1)   A table of contents, with references to the pages in the brief;
>
>   (2)   A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
>   * * *
>
>   (4)   A statement of the issues presented for review;
>
>   (5)   A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
>   (6)   A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
>   (7)   An argument, which may be preceded by a summary of argument, setting forth:
>
>   (A)   the contentions of the appellant with respect to the issues presented, and the reasons therefor, including

the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8) A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Mr. Beard's *pro se* status, we still must conclude that his appellate brief contains numerous significant deficiencies with regard to the above-listed requirements. First, Mr. Beard's brief completely lacks a table of authorities as required by Tennessee Rule of Appellate Procedure 27(a)(2). Second, Mr. Beard's brief has no distinct statement of issues or statement of the case as required by Tennessee Rule of Appellate Procedure 27(a)(4)-(5). As this Court has previously explained:

> The requirement of a statement of the issues raised on appeal is no mere technicality. First, of course, the appellee is entitled to fair notice of the appellate issues so as to prepare his or her response. Most important, this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed. On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13.

*Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011).

Third, although Mr. Beard's brief does contain argument, this Court has previously held that a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *See Chiozza*, 315 S.W.3d at 489 (quoting *Newcomb v Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006)). Importantly, Mr. Beard's entire appellate brief contains no citations to the record on appeal and no citations to any legal authority to support his factual allegations and argument. *See* Tenn. R. App. P. 27; Tenn. Ct. App. R. 6. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

As this Court has explained:

> For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen,*

872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas,* 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean*, 40 S.W.3d at 54-55.

In the instant case, the deficiencies within Mr. Beard's appellate brief are so substantial that it is difficult for us to discern Mr. Beard's argument and the relevant facts. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, we cannot unfairly disadvantage Defendants in this matter by serving as Mr. Beard's attorney. *See id.* Therefore, Mr. Beard's issues presented on appeal are deemed waived. *See Bean*, 40 S.W.3d at 54-55.

<u>Conclusion</u>

For the reasons stated above, the appeal of this matter is dismissed. The case is remanded to the trial court for collection of costs assessed below. Costs on appeal are assessed to the appellant, Charles Beard.

_____
THOMAS R. FRIERSON, II, JUDGE