IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 7, 2019

## JACKSON MILLER v. PHYLLIS FREVIK

**Appeal from the Chancery Court for Williamson County**
**No. 45266     Michael W. Binkley, Judge**

_____

### No. M2018-01077-COA-R3-CV

_____

This case originated when the plaintiff filed an action against the defendant, alleging that the plaintiff was entitled to the proceeds from a life insurance policy. The trial court found in favor of the plaintiff. The defendant did not appeal that order but subsequently filed a motion for relief from the judgment pursuant to Tennessee Rule of Civil Procedure 60. The trial court denied the defendant's motion, and the defendant appealed. Having determined that the defendant has failed to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Phyllis Frevik, Detroit, Michigan, Pro Se.

Charles Michels, Nashville, Tennessee, for the appellee, Jackson Miller.

### MEMORANDUM OPINION[1]

During previous divorce proceedings between the parents of the plaintiff, Jackson

---

[1] Tennessee Court of Appeals Rule 10 provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Miller, the Williamson County Chancery Court ("trial court") ordered that Mr. Miller's father, Lawrence Miller ("Decedent"), procure a $500,000 life insurance policy and designate Mr. Miller as the beneficiary of such policy. Decedent obtained a life insurance policy with MetLife but failed to name a beneficiary to that policy. Following Decedent's death, MetLife released the life insurance proceeds to the defendant, Phyllis Frevik, as the surviving spouse.[2]

Mr. Miller filed a complaint in the trial court against Ms. Frevik, alleging that Mr. Miller was entitled to the life insurance proceeds following the death of Decedent and seeking imposition of a constructive trust upon the proceeds. Mr. Miller subsequently filed a motion for summary judgment. Following a hearing on November 17, 2016, the trial court granted summary judgment in favor of Mr. Miller, awarding to him $500,000 plus statutory interest, representing the proceeds of Decedent's life insurance policy. The trial court entered a final order to this effect on January 11, 2017. Ms. Frevik did not appeal that judgment.

On December 6, 2017, Ms. Frevik, by counsel, filed a motion requesting relief from the trial court's January 11, 2017 judgment pursuant to Tennessee Rule of Civil Procedure 60. Following oral arguments conducted March 14, 2018, the trial court entered an order on May 31, 2018, denying Ms. Frevik's motion for relief from the court's judgment. Ms. Frevik, proceeding self-represented, filed a timely notice of appeal.

On October 19, 2018, Ms. Frevik filed with this Court a "Memorandum of Law" in support of the present appeal.[3] With reference to determining the issues on appeal, Mr. Miller presented several arguments in an attempt to address the precise issues he believed Ms. Frevik intended to raise. As a threshold matter, we address Mr. Miller's argument on appeal regarding Ms. Frevik's failure to comply with the Tennessee Rules of Appellate Procedure and the rules of this Court concerning her brief. Following our review of her brief, we determine that Ms. Frevik has failed to significantly comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, such that this appeal must be dismissed.

---

[2] We recognize that the defendant is also known as Phyllis Miller. For the purpose of consistency with the final order, we will refer to the defendant as Ms. Frevik throughout this opinion.

[3] This filing is captioned "In the Chancery Court for the State of Tennessee Twenty-First Judicial District Williamson County," includes the proper docket number concerning the respective appeal, and contains the following notation: "Re: Appealing/Falsely Accused of Trust: Complaint for Declaratory Actions and Imposition of Constructive Trust." We construe this filing as Ms. Frevik's appellate brief.

We recognize that Ms. Frevik is a *pro se* litigant and respect her decision to proceed self-represented. With regard to self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer,* 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. May 20, 2010) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

Tennessee Rule of Appellate Procedure 27 provides in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

    (1) A table of contents, with references to the pages in the brief;

    (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

    * * *

    (4) A statement of the issues presented for review;

    (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)     A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)     An argument, which may be preceded by a summary of argument, setting forth:

    (A)     the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8)     A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)     Written argument in regard to each issue on appeal shall contain:

(1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Taking into account and respecting Ms. Frevik's *pro se* status, we still must conclude that her appellate brief contains significant deficiencies with regard to the above-listed requirements. Primarily, Ms. Frevik's brief fails to comply with the requirements concerning the inclusion of a statement of the issues, table of contents, and table of authorities. *See* Tenn. R. App. P. 27(a)(1), (2), (4). Ms. Frevik also fails to include sections consisting of a statement of the case and a statement of the facts. *See* Tenn. R. App. P. 27(a)(5), (6).

Ms. Frevik's appellate brief consists of six pages of what could be construed as an argument section, although not identified as such, and a conclusion. In her brief, Ms. Frevik includes several factual statements concerning events that transpired during or prior to the trial court proceedings. In the body of her brief, Ms. Frevik states: "Most important issue: Why did she change guardianship In the year of 2016." However, she fails to explain what is meant by the query. Ms. Frevik then proceeds to the conclusion section of her brief. Although citing to some legal authority, Ms. Frevik fails to provide any citations to the appellate record to support her factual allegations. *See* Tenn. R. App. P. 27(a)(7); Tenn. Ct. App. R. 6. "This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000).

As the *Bean* Court further explained:

For good cause, we may suspend the requirements or provisions of these rules in a given case. However, the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court. *Crowe v. Birmingham & N.W. Ry. Co.,* 156 Tenn. 349, 1 S.W.2d 781 (1928). Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review. *See Duchow v. Whalen,* 872 S.W.2d 692 (Tenn. Ct. App. 1993); *see also Lucas v. Lucas,* 1998 WL 136553 (Tenn. Ct. App. March 27, 1998).

*Bean*, 40 S.W.3d at 54-55.

In the instant case, the deficiencies within Ms. Frevik's appellate brief are so substantial that it is impossible for this Court to discern Ms. Frevik's issues, arguments, and the relevant facts in order to conduct a meaningful review. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiffs' brief for them, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, we cannot unfairly disadvantage Mr. Miller in this matter by serving as Ms. Frevik's attorney. *See id.* Therefore, Ms. Frevik's issues presented on appeal are deemed waived. *See Bean*, 40 S.W.3d at 54-55.

Furthermore, Mr. Miller requests an award of attorney's fees incurred in defending this appeal, alleging that Ms. Frevik's appeal was frivolous. As this Court has previously explained regarding frivolous appeals:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.
>
> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding.

*Young*, 130 S.W.3d at 66-67. Similarly, Tennessee Code Annotated § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on

the judgment, and expenses incurred by the appellee as a result of the appeal.

Exercising our discretion, we do not determine that this appeal was frivolous or taken solely for delay. We therefore decline to award attorney's fees to Mr. Miller.

Conclusion

For the reasons stated above, the appeal of this matter is dismissed. Mr. Miller's request for attorney's fees incurred during this appeal is denied. The case is remanded to the trial court for enforcement of the trial court's judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Phyllis Frevik.

_____
THOMAS R. FRIERSON, II, JUDGE