John R. DUCHOW and Suzanne Kay Duchow, Appellees,

v.

Donald F. WHALEN and Diana G. Whalen and Howard Loveday, Register of Deeds for Blount County, Tennessee, Defendants–Appellants.

Court of Appeals of Tennessee, Eastern Section.

Nov. 2, 1993.

Permission to Appeal Denied by Supreme Court Feb. 22, 1994.

Charles M. Clifford, Maryville, for appellees.

John L. Hondulas, Gatlinburg, for defendants-appellants.

## OPINION

FRANKS, Judge.

Appellants' failure to comply with the requirements of the Rules of Appellate Procedure and this Court is so egregious that we dismiss the appeal.

First the form of the brief, as required in Rule 30 was not followed as to paper size and covers. More important, the contents of the brief failed to meet the requirements of Rule 27, Rules of Appellate Procedure [1].

The record in this case was filed on April 2, 1993 and several extensions of time were granted within which to brief the appeal. Appellants' brief was filed on August 9, and was deficient in that it failed to meet the requirements of T.R.A.P. Rule 27(a)(1), (4), (5), (6) and (8).

---

1. **Rule 27. Content of Briefs.**—(a) Brief of the Appellant.—The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;

(8) A short conclusion, stating the precise relief sought ...

In response to a motion to dismiss the appeal, the appellants' filed motions to be allowed to amend their brief which was granted, and appellants, on October 4th and 5th, 1993, two days prior to scheduled oral arguments, filed documents styled "Statement of the Facts", "Statement of the Case" and "Statement of the Issues". The document styled: Statement of Facts does not contain any references to the record as required by the Rule. Moreover, the brief as amended utterly fails to comply with Rule 6, Rules of the Court of Appeals, as it relates to written arguments in regard to each issue on appeal.[2]

As this Court observed in *Airline Const. Inc., v. Barr*, 807 S.W.2d 247 (Tenn.App. 1990), we are not required to verify unsupported allegations in a party's brief by painstakingly reviewing the record. Accordingly, we dismiss appellants' appeal for failure to comply with the letter and spirit of the Rules of Appellate Procedure and the Rules of this Court.

The costs of the appeal are assessed to the appellants.

GODDARD and McMURRAY, JJ., concur.

---

[2]. Rules of Court of Appeals, Rule 6:

**Rule 6. Briefs.**—(a) Written argument in regard to each issue on appeal shall contain:

1. A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

2. A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

3. A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

4. A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found ...