IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 14, 2002

## JOHN FOSTER, ET AL. v. LARRY GLENN

**Appeal from the Circuit Court for Knox County**
**No. 3-190-00     Wheeler A. Rosenbalm, Judge**

### FILED JUNE 10, 2002

### No. E2001-01435-COA-R3-CV

The origin of this appeal was a detainer warrant filed in the General Sessions Court by John Foster and Mamosa Foster against Larry Glenn seeking possession of property occupied by Mr. Glenn pursuant to an instrument styled "AGREEMENT FOR DEED."   Mr. Glenn filed what he styles a counter-complaint seeking damages for breach of contract and prevailed in the General Sessions Court.  Upon appeal the Circuit Court found in favor of the Fosters, but awarded Mr. Glenn a judgment as to insurance proceeds received by the Fosters as a result of a truck striking the house in question.  Mr. Glenn appeals the judgment of the Trial Court.  We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Larry Glenn, Appellant, *Pro Se*

Sharon Frankenberg, Knoxville, Tennessee, for the Appellees, John Foster and Mamosa Foster

### MEMORANDUM OPINION

Mr. Glenn filed what is styled a counter-complaint, although it bears a different docket number than that of the detainer warrant which seeks damages for breach of the Agreement for Deed.

The General Sessions Court dismissed the detainer warrant and awarded Mr. Glenn $4500, on the counter-complaint for breach of the contract.  Both parties appealed to the Circuit Court.  The Circuit Judge sustained the detainer warrant and found that Mr. Glenn was entitled to $1005.70,

representing the balance of certain insurance proceeds incident to damage to the house then occupied by Mr. Glenn, which was hit by a truck, less what the Trial Court denominated hold-over rent for October and November in the amount of $336.65 per month.

Mr. Glenn appeals, contending that the Trial Court committed numerous errors which he sets out in his brief as shown by an appendix to this opinion.

At the outset, we are called upon to determine whether a motion by Mr. Glenn to supplement the record is well taken. Upon consideration of his motion and the response and a careful review of the transcript on appeal, we conclude that all of the exhibits introduced at trial in the Circuit Court are already a part of the appellate record. It would appear the material Mr. Glenn seeks to be a supplement to the record may have been introduced in the General Sessions Court, but were not in the Circuit Court. Because the trial in Circuit Court was *de novo*, any exhibits introduced in the General Sessions Court which were not re-introduced in the Circuit Court would not properly be a part of the record, and the motion to supplement the record is accordingly denied.

Turning to the merits of the case, it is readily apparent that the issues Mr. Glenn purports to raise were not adequate for this Court to make a determination of the nature of his complaints and in what way the Trial Court was in error in regard thereto. This we believe is fatal to Mr. Glenn's appeal.

Having said that, however, we have considered the contents of Mr. Glenn's brief which are more specific, as well as the record before us, and conclude that the Trial Judge was not in error as to any complaint raised by Mr. Glenn and that it is appropriate that the judgment of the Trial Court be affirmed under the provisions of Rule 10 of this Court.

In reaching our conclusion we are aware of the case of Paehler v. Union Planters National Bank, Inc., 971 S.W.2d 393 (Tenn. Ct. App. 1997), which, in addressing *pro se* litigants, recognized that they were entitled to some deference, but nevertheless stated the following (at page 396):

> The defendants rely upon Duchow v. Whalen, 872 S.W.2d 692 (Tenn. App. 1993), in which this Court dismissed the appeal because the appellant's brief failed to comply with T.R.A.P. 27. Id. In Duchow, this Court stated that "we are not required to verify unsupported allegations in a party's brief by painstakingly reviewing the record." Id. at 693. However, Duchow did not deal with a *pro se* litigant. Parties who choose to represent themselves are entitled to fair and equal treatment. Irvin v. City of Clarksville, 767 S.W.2d 649, 652 (Tenn. App. 1988). However, they are not excused from complying with applicable substantive and procedural law, and they must follow the same substantive and procedural law as the represented party. Id. (citations omitted).

In conclusion, we note that the Fosters contend the Trial Judge was in error for awarding the proceeds of the insurance settlement to Mr. Glenn. However, their brief says they are disinclined to pursue this feature of the case and ask that we affirm the judgment of the Trial Court as rendered.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment awarded Mr. Glenn and costs below. Costs of appeal are adjudged against Larry Glenn and his surety.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE