IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, May 13, 2011

## COMMERCIAL BANK, INC., et al., v. HOLLIS FAY SUMMERS, et al.

**Appeal from the Chancery Court for Union County**
**No. 5770      Hon. Billy Joe White, Chancellor**

**No. E2010-02170-COA-R3-CV-FILED-JULY 11, 2011**

Plaintiffs alleged that defendants had borrowed money from the Bank and executed a trust deed to secure the loan and the property was properly foreclosed by the Bank as the successful bidder.  Further, that defendants then filed numerous documents in the Register of Deeds office to slander plaintiffs' title.  Defendants never answered the Complaint and after several months plaintiffs moved for a default judgment which was granted at a hearing before the Trial Court.  The Trial Court ruled that the various documents filed by the defendants in the Register of Deeds office were null and void and assessed costs to the defendants.  Defendants appealed *pro se*, and we dismiss the appeal on the grounds that they failed to comply with any of the applicable rules of appellate procedure governing appeals.

**Tenn.  R. App. P.3 Appeal as of Right; Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Hollis-Fay Summers, Knoxville, Tennessee, *pro se,* for the appellants.

Dennis M. Robertson, Harrogate, Tennessee, for the appellees, Commercial Bank and Dennis Michael Robertson.

# OPINION

Plaintiffs, Commercial Bank, Inc., and Dennis M. Robertson, filed a Complaint against Hollis Fay Summers, Zelpher Summers, and the THAOSF Family Revocable Trust, alleging that defendant Hollis Fay Summers and wife Zelpher executed a Deed of Trust on November 14, 2006, when they borrowed money from Commercial Bank for a house. Robertson was the trustee listed on the deed, and plaintiffs alleged that defendants defaulted on the loan, and a foreclosure sale was held on December 29, 2008, wherein Commercial Bank was the successful bidder.

Plaintiffs alleged that subsequently, defendants had filed numerous documents in the Register of Deeds office, and attempted to place a lien or other cloud upon the title to the property. Plaintiffs alleged they had been damaged and that they should receive damages, attorneys fees, and an order declaring all those documents null and void.

Defendants failed to file a timely response, and plaintiffs sought a default judgment. Then defendants filed a Motion to Dismiss, stating the actions of the Court violated various federal laws and caused a deprivation of their constitutional rights, along with numerous irrelevant documents.

Defendants also filed a Notice of Removal to the Federal District Court and the District Court reviewed the case and filed an Order granting plaintiffs' Motion to Remand, and dismissed the federal action.

A hearing was then held on September 20, 2010, in the Chancery Court, on plaintiffs' Motion for Default. The Trial Court found that defendants were properly served with the Complaint but failed to file a response, and that they had also not responded to the Motion for Default, and had failed to appear for the hearing which had been properly set. The Court then granted default judgment to plaintiffs, and ruled that the various documents filed by defendants in the Register of Deeds office were null and void, and taxed the costs to defendants.[1]

---

[1]In this case, the plaintiffs filed a Motion for Default Judgment after their Complaint had been pending for almost 8 months with no response from defendants. By the time the Motion for Default Judgment was heard, after the case was removed to Federal Court by defendants and then remanded, the Complaint had been pending for 17 months and defendants did not file an Answer. Moreover, defendants did not appear for the default judgment hearing even though the Court found that it had been properly set.

Defendants then brought this appeal.

The plaintiffs in their *pro se* "brief" essentially respond to the Complaint filed in the Trial Court, and it contains some allegations of fact and some purported legal arguments, but does not follow the briefing rules of the Court. There is no compliance or even an attempt at compliance with either Tenn. R. App. P. 27 or Court of Appeals Rule 6, as there is no Table of Contents, no Table of Authorities, no Statement of Issues, no Statement of Facts, no citations to the record, etc. Additionally, it is not clear from the "brief" what defendant alleges to be error by the Trial Court.

We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record. *See Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993): *Lucas v. Lucas*, 1998 WL 136553 (Tenn. Ct. App. Mar. 27, 1998). When the litigant is proceeding *pro se*, our policy gives some latitude to litigants representing themselves, however, where the presentation is so woefully inadequate that review is not possible, we dismiss the appeal and have said:

> While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." Pro se litigants must comply with the same substantive and procedural law to which represented parties must adhere.

*Chiozza v. Chiozza*, 315 S.W.3d 482, 488-489 (Tenn. Ct. App. 2009).

For the foregoing reasons we dismiss the appeal and remand, with the cost of the appeal assessed to Hollis Fay and Zelpher Luctretia Summers.

_____
HERSCHEL PICKENS FRANKS, P.J.