IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs August 2, 2013

**ASHLEY KING**

v.

**WILSON AND ASSOCIATES, PLLC, US BANK, BANK OF AMERICA,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

**Appeal from the Chancery Court of Davidson County
No. 12-648-I    Chancellor Claudia Bonnyman**

**No. M2012-01902-COA-R3-CV - Filed August 30, 2013**

This appeal involves a self-represented litigant's continued efforts to occupy property which is the subject of foreclosure proceedings. After dismissal of his second action regarding the property, the appellant files this appeal. We dismiss the appeal for failure to file a brief that complies with the appellate rules and conclude that this is a frivolous appeal under Tennessee Code Annotated § 27-1-122.

 **Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed and Cause is Remanded**

HOLLY M. KIRBY, J., delivered the Opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Mr. Ashley King, self-represented, Nashville, Tennessee

Jerry Morgan, Brentwood, Tennessee, for Appellee, Wilson and Associates, PLLC

Edwin E. Wallis, III, Memphis, Tennessee and Joseph Moore Price, Charleston, West Virginia for Appellees US Bank, Bank of America, and Mortgage Electronic Registration Systems, Inc.

**MEMORANDUM OPINION[1]**

---

[1]**Rule 10.  Memorandum Opinion**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal

On May 2, 2012, Plaintiff/Appellant Ashley King filed the instant lawsuit in the Chancery Court for Davidson County, Tennessee against Defendant/Appellees US Bank, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Wilson & Associates, PLLC. The lawsuit asserted ownership of a parcel of residential property located in Nashville, Tennessee, and cited allegedly wrongful actions by the Defendants to foreclose on the property and evict Mr. King.

The record indicates that on December 20, 2011, Mr. King filed a similar lawsuit, also in the Chancery Court of Davidson County, Tennessee, which was dismissed with prejudice. There is no indication in the record that Mr. King appealed the dismissal of his first lawsuit. After dismissal of the first lawsuit, Mr. King filed the complaint that is the subject of this appeal.

In response to the second lawsuit, the Defendants filed motions to dismiss, citing the dismissal of the first lawsuit as well as other grounds for dismissal.[2] The motions to dismiss included notice that the motions would be set for hearing on July 13, 2012. Mr. King responded to the motions but failed to appear at the hearing. Accordingly, the trial court granted the motions to dismiss on several bases, including the doctrine of *res judicata.*

Mr. King responded to the order of dismissal by filing a motion to reconsider. The trial court found that the motion to reconsider lacked merit and entered an order denying it on August 2, 2012. Mr. King then filed this appeal.

## ANALYSIS

On appeal, Mr. King filed a two-page brief, stating that the trial court granted the Defendants' motions to dismiss and he "was unaware of the hearing and had no notice." The argument portion of his brief states in totality: "The Plaintiff would have appeared if given proper notice to do so. The Plaintiff wants his day in court." The brief is devoid of any citations to the record.

---

opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

[2]The record also includes media reports and communications from neighbors indicating that after the owner of the subject property died, Mr. King moved in and commenced "squatting" on the property; the neighbors asserted that Mr. King had "flashed" female neighbors, gotten into verbal confrontations with neighboring property owners, allowed others to join him in squatting on the subject property, and that police had been called to the subject property over 70 times in a single year.

In response to Mr. King's appellate brief, the Defendants argue that his brief does not comply with the appellate rules governing parties' briefs to this Court and asks us to dismiss his appeal on that basis. They note that Mr. King's appellate brief includes no citation to the record, no statement of any facts, no statement of the standard of review, no citation of authority, nothing other than a naked assertion of lack of notice of the hearing. They contend that his brief amounts to a waiver of any issues raised on appeal and demonstrates "his continuing abuse of the judicial process."

We agree with the Defendants. We have previously been faced with litigants whose appellate briefs wholly failed to comply with the appellate rules:

> We note at the outset that [the self-represented appellant's] brief is woefully inadequate. We have held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record. *See Bean v. Bean*, 40 S.W.3d 52, 54–55 (Tenn. Ct. App. 2000); *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993); *Lucas v. Lucas*, No. 03A01-9707-CV-00298, 1998 WL 136553, at *1 (Tenn. Ct. App. Mar. 27, 1998).  Our policy gives some latitude to litigants representing themselves; however, where the litigant's presentation is so inadequate that review is not possible, we must dismiss the appeal:
>
> > While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." Pro se litigants must comply with the same substantive and procedural law to which represented parties must adhere.
>
> *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (citations omitted). In this case, [the self-represented appellant's] brief does not cite to the record on appeal, does not clearly state the issues for appellate review, does not describe the facts that are relevant to his argument, and does not cite authority that supports his argument on appeal. *See* Tenn. R. App. P. 27.

*Minor Miracle Productions, LLC v. Starkey*, No. M2012-01145-COA-R3-CV, 2013 WL 2149878, at *3 (Tenn. Ct. App. May 15, 2013)(footnotes omitted).  As in *Minor Miracle,* "This is not a case in which we are inclined to excuse briefing requirements for good cause pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure."  *Id.* at *3 n. 5 (citing *Chiozza*, 315 S.W.3d at 489).

For these reasons, we grant the Defendants' motions to dismiss Mr. King's appeal. Defendants US Bank, Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc. argue that Mr. King's appeal is frivolous within the meaning of Tennessee Code Annotated § 27-1-122 and ask this Court for an award of attorney fees on appeal on that basis. We agree that Mr. King's appeal is frivolous and exercise our discretion to grant the request for attorney fees pursuant to Section 27-1-122. Accordingly, we remand the case to the trial court for a determination of reasonable attorney fees on appeal for Defendant/Appellees US Bank, Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc.

## CONCLUSION

We dismiss this appeal and remand the cause for further proceedings consistent with this Opinion. Costs on appeal are assessed against Appellant Ashley King, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE