FILED
01/30/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2017

## ANDREW "ROME" WITHERS v. ROSALIND D. WITHERS

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-208       Jim Kyle, Chancellor**

_____

**No. W2016-01663-COA-R3-CV**

_____

This appeal revolves around a pro se litigant's efforts to assume control of the assets of a trust and to replace the trustee. After the dismissal of his second petition related to the trust, the pro se litigant filed this appeal. We dismiss the appeal for failure to file a brief that complies with the appellate rules. We also grant the trustee's request for attorney's fees and expenses incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and BRANDON O. GIBSON, JJ., joined.

Andrew "Rome" Withers, Memphis, Tennessee, appellant, pro se.

Shea Sisk Wellford, Memphis, Tennessee, for the appellee, Rosalind B. Withers.

### MEMORANDUM OPINION[1]

On February 11, 2016, Andrew "Rome" Withers filed a petition in the Chancery Court for Shelby County, Tennessee, against his sister, Rosalind D. Withers, in her

---

[1] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

capacity as trustee of the Ernest C. Withers Revocable Living Trust. Among other things, the petition alleged that Ms. Withers engaged or failed to engage in various acts in violation of her duties as trustee. Through the petition, Mr. Withers sought to assume control of the Trust's assets.

This was not the first time Mr. Withers sued his sister in her capacity as trustee. In 2008, Mr. Withers and his brother, Clarence E. "Billy" Withers, filed a similar petition, also alleging that Ms. Withers engaged or failed to engage in various acts in violation of her duties as trustee. The petitioners sought to remove Ms. Withers as trustee and to terminate the Trust. This 2008 action was apparently resolved by a settlement agreement entered into by the parties, and on February 23, 2012, the court entered a "Judgment" to enforce this agreement. Among other things, the court identified the Trust's beneficiaries and their respective interests, defined the parties' obligations with respect to the Trust, and dismissed all of the parties' claims with prejudice. Despite the settlement, the record reveals that Mr. Withers attempted to appeal the 2012 order, but his appeal was dismissed for his failure to file a brief.

When Mr. Withers filed the petition that is the subject of this appeal, Ms. Withers responded by filing a motion to dismiss. In the motion, Ms. Withers argued that the "case should be dismissed for failure to state a claim upon which relief can be granted, as Plaintiff's claims are barred by the doctrine of *res judicata*." *See* Tenn. R. Civ. P. 12.02(6). Additionally, Ms. Withers argued that the case should be dismissed because Mr. Withers failed to plead fraud with particularity. *See id.* 9.02. Ms. Withers supported her motion with various documents, including copies of the petition, Judgment, and docket sheet from the previous action; the declaration of Ms. Withers; and a copy of the order dismissing Mr. Withers' prior appeal.

Mr. Withers responded with a "Motion to Dissmiss [sic] Defendants [sic] Motion to Dissmiss [sic]." Appended to Mr. Withers' motion was a declaration of Jibril LaGrant Muhammad Shabazz Bey, who claimed to be the successor trustee of the Trust.

Although not specified in its order, the trial court apparently treated the motion to dismiss as a motion for summary judgment, and the court dismissed the petition with prejudice. *See id.* 12.02 ("If, on a motion . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."). The court concluded that the petition was barred by res judicata and that, to the extent fraud was alleged, it was not alleged with particularity. The court also concluded that the document submitted with the petition purporting to remove Ms. Withers as trustee was insufficient "on its face."

On appeal, Mr. Withers filed a six-page brief, four pages of which reproduced in its entirety his 2016 petition. For her part, Ms. Withers argues that Mr. Withers's brief failed to comply with the appellate rules governing briefs and asks us to dismiss his appeal on that basis.

We agree with Ms. Withers. As an initial matter, we are mindful that Mr. Withers is not a lawyer and that he may have little legal training or familiarity with the judicial system. A party is entitled to fair treatment by our courts when they decide to represent themselves; however, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). And although pro se litigants are afforded a certain amount of leeway, we cannot entirely excuse them from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Rule 27 of the Tennessee Rules of Appellate Procedure requires that the appellant's brief contains, among other things, a statement of the issues presented for review, an argument, references to the record, and citations to legal authority. *See* Tenn. R. App. P. 27(a) (listing the required contents in the appellant's brief). Additionally, Rule 6 of the Rules of the Court of Appeals of Tennessee requires that any written argument made in the appellant's brief contain, with appropriate references to the record, "the alleged erroneous action of the trial judge," "how such alleged error was seasonably called to the attention of the trial court," how the "appellant was prejudiced by such alleged error," and "determinative fact[s the appellant] relied upon." Tenn. Ct. App. R. 6(a) (listing the required contents in appellate arguments); *see also* Tenn. R. App. P. 27(a)(7) (requiring the argument section of the appellant's brief to set forth "the contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on").

Mr. Withers's brief fails to comply with both the letter and spirit of the rules of our Court in many respects. Among other deficiencies, his brief contains neither a statement of the issues nor an argument section, and it is difficult to discern the substance of his argument.[2] "It is not the responsibility of Tennessee's appellate courts to research

---

[2] Under a heading labeled "DISCUSSION POINTS" in his brief, Mr. Withers purports to defend his actions with respect to the Trust and explain how his actions complied with the 2012 Judgment. We fail to see how these allegations, unsupported by the record, are relevant to this appeal. This Court is "not required to verify unsupported allegations in a party's brief by painstakingly reviewing the record." *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993).

In his reply brief, Mr. Withers contends, among other things, for the first time that the remedies he seeks in the current litigation are different from the previous litigation. "[A] reply brief simply is not a substitute for an initial brief to this Court." *Adler v. Double Eagle Props. Holdings, LLC*, No. W2014-

or construct the parties' arguments for them." *State v. Hester*, 324 S.W.3d 1, 80 (Tenn. 2010); *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) ("[P]arties cannot expect this court to do its work for them."). When an appellant's brief is this deficient, dismissal of the appeal is appropriate. *See Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (dismissing appeal for failure to comply with appellate rules); *cf. Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781, 781 (Tenn. 1928) ("Th[e Tennessee Supreme C]ourt will not adjudge the Court of Appeals in error for refusing to consider a case upon its merits, where the appellant has not complied with the rules of that court."). Thus we dismiss Mr. Withers's appeal.

Ms. Withers asks this Court for an award of attorney's fees and expenses incurred on appeal, both for Mr. Withers's failure to comply with the rules of this Court and for having to defend a frivolous appeal. *See* Tenn. Code Ann. § 27-1-122 (2017). We agree that the appeal is frivolous and grant her request for attorney's fees and expenses. As such, we remand this case to the chancery court for a determination of reasonable attorney's fees and expenses incurred on appeal by Ms. Withers.

_____

W. NEAL MCBRAYER, JUDGE

---

01080-COA-R3-CV, 2015 WL 1543260, at \*6 (Tenn. Ct. App. Apr. 2, 2015), *perm. app. denied* (Tenn. Aug. 13, 2015). To the extent that he seeks to use his reply brief to correct the deficiencies in the initial brief, he may not do so. *See Denver Area Meat Cutters & Emp'rs Pension Plan v. Clayton*, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006) (refusing to consider an argument raised for the first time in a reply brief because of unfairness to the appellee, who had no opportunity to respond). And we note that even after the deficiencies of his brief had been called to his attention, Mr. Withers continued to ignore our rules by failing to make appropriate references to the record and cite to any relevant authority. *See Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("[W]here a party . . . merely constructs a skeletal argument, the issue is waived."); *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006) ("A skeletal argument that is really nothing more than an assertion will not properly preserve a claim.").

4