IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 4, 2020

**FRANCINE S. LABBE v. JAMES ERIC KARN II**

**Appeal from the Circuit Court for Hamilton County**
**No. 17D1728  Kyle E. Hedrick, Judge**

———————————————————

**No. E2019-01408-COA-R3-CV**

———————————————————

The appeal arises from a divorce. Acting pro se, the former husband seeks review, of what we cannot be certain. Because his brief falls well short of the requirements of both the Tennessee Rules of Appellate Procedure and the rules of this Court, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON II, J., joined.

James Eric Karn II, Chattanooga, Tennessee, pro se appellant.

No brief filed on behalf of the appellee, Francine S. Labbe.

**MEMORANDUM OPINION**[1]

In 2017, Francine Newell Labbe filed for divorce from James Eric Karn II. When Mr. Karn failed to timely respond to her complaint, Ms. Labbe moved for and obtained a default against Mr. Karn. But the entry of a default judgment had to await an evidentiary hearing. *See* Tenn. R. Civ. P. 55.01. Within a few days after the court granted the default, before an evidentiary hearing could be set, Mr. Karn filed a pro se answer and counter-complaint. He also sought on several occasions to set aside the default, but the court declined, apparently due to Mr. Karn's failure to appear for the hearing on his initial motion to set aside.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Very late in the proceedings, counsel did appear on behalf of Mr. Karn. And the court over "the strenuous objection" of Mr. Karn's counsel set a final hearing on the default judgment. Following that hearing in July 2019, the court entered a final decree of divorce, which granted Ms. Labbe a divorce on the ground of inappropriate marital conduct. The final decree incorporated a permanent parenting plan for the parties' minor child, set child support, and established a child support arrearage. The court also divided the marital property, which included only personalty and marital debt. No alimony was awarded because neither party requested alimony.

On appeal, Mr. Karn's six-page brief opens with the following three statements:

1. At no time was an evidentiary hearing or fact-finding hearing ever held in which I was allowed to meaningfully participate, offer testimony, provide evidence, provide supporting witnesses, or to offer any countervailing evidence of any kind whatsoever.
2. I was at all times denied the right to have legal counsel participate on my behalf in any of the procedural processes related to the circuit court proceeding.
3. I was at no time permitted to file any pleading or other document in support of my position(s) with regard to the matters before the circuit court.

The brief then repeats each statement using slightly different wording followed by what might be characterized as argument.

We are mindful that Mr. Karn is not a lawyer and that he may have little legal training or familiarity with the judicial system other than the present action. A party is entitled to fair treatment by our courts when they decide to represent themselves; but "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Although pro se litigants are afforded a certain amount of leeway, we cannot entirely excuse them from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Rule 27 of the Tennessee Rules of Appellate Procedure requires that the appellant's brief contains, among other things, a statement of the issues presented for review, an argument, references to the record, and citations to legal authority. *See* Tenn. R. App. P. 27(a) (listing the required contents in the appellant's brief). Additionally, Rule 6 of the Rules of the Court of Appeals of Tennessee requires that any written argument made in the appellant's brief contain, with appropriate references to the record, "the alleged erroneous action of the trial court," "how such alleged error was seasonably called to the attention of the trial judge," how the "appellant was prejudiced by such alleged error," and "a statement of each determinative fact relied upon." Tenn. Ct. App.

2

R. 6(a) (listing the required contents in appellate arguments); *see also* Tenn. R. App. P. 27(a)(7) (requiring the argument section of the appellant's brief to set forth "the contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on").

Mr. Karn's brief fails to comply with the rules in so many respects it is easier to identify those the brief arguably complies with rather than those it does not. Beyond what might be characterized as a statement of issues and argument, the brief is deficient in most other respects. Among the more significant deficiencies is the lack of citations to the record supporting Mr. Karn's claims. The technical record, which is the only record of the proceedings before us, contradicts his claims that he was denied legal counsel and that he was not permitted to file pleadings in support of his positions. And Mr. Karn has failed to supply us with either a transcript or a statement of the evidence leaving us unable to consider his claim that he was denied the opportunity to offer evidence at the hearing on the final decree of divorce. *See* Tenn. R. App. P. 24(b).

When an appellant has failed to comply with the rules and his brief is this deficient, dismissal of the appeal is appropriate. *See Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (dismissing appeal for failure to comply with appellate rules); *cf. Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781, 781 (Tenn. 1928) ("Th[e Tennessee Supreme C]ourt will not adjudge the Court of Appeals in error for refusing to consider a case upon its merits, where the appellant has not complied with the rules of that court."). So we dismiss Mr. Karn's appeal.

_____
W. NEAL MCBRAYER, JUDGE

3