IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 1, 2021

## GINGER LOUGENE HUTSELL DENTON v. STEVEN LEE DENTON

**Appeal from the Chancery Court for Jefferson County**
**No. 18-CV-23      Telford E. Forgety, Jr., Chancellor**

———————————————————

**No. E2020-01105-COA-R3-CV**

———————————————————

This appeal arises from a divorce.  Acting pro se, the former husband fails to present an issue for this Court to review.  Because his brief falls well short of the requirements of both the Tennessee Rules of Appellate Procedure and the rules of this Court, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which KENNY W. ARMSTRONG and KRISTI M. DAVIS, JJ., joined.

Steven Lee Denton, Talbott, Tennessee, pro se appellant.

Floyd W. Rhea, Sneedville, Tennessee, for the appellee, Ginger Lougene Hutsell Denton.

## MEMORANDUM OPINION[1]

After two decades of marriage, Ginger Lougene Hutsell Denton filed for divorce from her husband, Steven Lee Denton.  Mr. Denton answered and filed a counter-complaint for divorce.  The parties attempted to mediate the case, but they were unsuccessful.

Following an evidentiary hearing, the Chancery Court for Jefferson County entered a judgment granting the parties a divorce.  The judgment also divided the marital estate, including the parties' retirement funds and pensions.  The court awarded Ms. Denton her retirement and pension.  Mr. Denton received his retirement and pension up to the value of Ms. Denton's retirement and pension plus one-half the equity in real estate and a mobile

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case."  TENN. CT. APP. R. 10.

home she received as part of the property division. The balance of Mr. Denton's retirement and pension was divided equally between the parties. The court also ordered Mr. Denton to pay one-half of "the taxes payable on the portion of his retirement and pension funds awarded [Ms. Denton]."

Under Tennessee Rule of Civil Procedure 59.04, Mr. Denton asked the court to alter or amend the judgment. In his motion, Mr. Denton claimed the division of the parties' retirement and pensions was "equitable in theory." But, because of restrictions on his pension and retirement funds, he contended that the division was not currently equitable. Specifically, he argued that it was inequitable for him to receive his share of the equity in the marital realty through his pension and retirement accounts, "which he cannot access now without severe financial repercussions." The trial court denied the motion to alter or amend.

Acting pro se on appeal, Mr. Denton's handwritten brief does not contain a table of authorities, statement of the issues presented for review, statement of the case, statement of the facts, or conclusion. Instead, the brief merely contains a table of contents and a three-page, single paragraph synopsis of the case.

We are mindful that Mr. Denton is not a lawyer and that he may have little legal training or familiarity with the judicial system. A party is entitled to fair treatment by our courts when they decide to represent themselves. *See Whitaker v. Whirpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). But pro se litigants "are not . . . entitled to shift the burden of litigating their case to the courts." *Id.* Even as a pro se appellant, Mr. Denton "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). So while we afford him "a certain amount of leeway," we cannot entirely excuse him from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Rule 27 of the Tennessee Rules of Appellate Procedure requires that the appellant's brief contain, among other things, a statement of the issues presented for review and citations to legal authority. *See* TENN. R. APP. P. 27(a) (listing the required contents in the appellant's brief). And Rule 6 of the Rules of the Court of Appeals of Tennessee requires that any written argument made in the appellant's brief contain, with appropriate references to the record, "the alleged erroneous action of the trial court," "how such alleged error was seasonably called to the attention of the trial judge," how the "appellant was prejudiced by such alleged error," and a "statement of each determinative fact relied upon." TENN. CT. APP. R. 6(a) (listing the required contents in appellate arguments); *see also* TENN. R. APP. P. 27(a)(7)(A) (requiring the argument section of the appellant's brief to set forth "the contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on"). Also, where either party to a divorce

2

takes issue with the manner in which the trial court divided or allocated marital property or debt, Rule 7 of this Court requires the party raising the issue to include a table. TENN. CT. APP. R. 7(a). The table must "list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts." *Id.*

Mr. Denton's brief fails to comply with these rules. The most significant deficiency is the lack of a statement of issues presented for review. Instead, the brief mainly summarizes some of the case proceedings, while raising various complaints about his attorney, Ms. Denton, and the court's judgment. He complains about his attorney's failure to prevent an award of alimony to Ms. Denton, Ms. Denton's failure to honor the court's judgment, an order of protection sought by her, the court's division of the retirement funds and pensions, and the difficulty in preparing a qualified domestic relations order satisfactory to his employer.

This Court's role is not to pick and choose among the various complaints and designate the issues. The responsibility for designating the issues for review rests on the parties. *See* TENN. R. APP. P. 27(a)(4), (b). And then we address only the issues designated by the parties. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); TENN. R. APP. P. 13(b). In her brief, Ms. Denton suggests that the only issue for review is the division of the marital estate, but she asks that we dismiss the appeal because of the deficiencies of Mr. Denton's brief.

When an appellant has failed to comply with the rules and his brief is this deficient, dismissal of the appeal is appropriate. *See Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (dismissing appeal for failure to comply with the Tennessee appellate rules); *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781, 781 (Tenn. 1928) ("Th[e Tennessee Supreme C]ourt will not adjudge the Court of Appeals in error for refusing to consider a case upon its merits, where the appellant has not complied with the rules of that court."). So we dismiss Mr. Denton's appeal.

_____ s/ W. Neal McBrayer _____
W. NEAL MCBRAYER, JUDGE

3