IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2023 Session

## UNIVERSITY PLACE S.E., LP v. R. BOSAN a/k/a RICK BOSAN

**Appeal from the Circuit Court for Shelby County**
**No. CT-0448-23     Yolanda Kight Brown, Judge**

_____

**No. W2023-00790-COA-R3-CV**

_____

This case arises from a forcible entry and detainer proceeding. Because Appellant's principal brief fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Rick Bosan, Memphis, Tennessee, Pro se.

Gregory C. Krog, Memphis, Tennessee, for the appellee, University Place S.E., LP.

### MEMORANDUM OPINION[1]

This case concerns the eviction of Appellant Rick Bosan from an apartment owned by Appellee University Place S.E., LP ("University Place"). On June 22, 2022, University Place obtained a forcible entry and detainer warrant for possession ("FED warrant") of its property from the general sessions court. The FED warrant was personally served on Mr. Bosan on June 24, 2022, and he subsequently retained counsel to represent him in the matter. On August 11, 2022, following a hearing, the general sessions court rendered a

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment in favor of University Place.

Although Mr. Bosan had previously retained counsel as noted above, he later chose to represent himself by proceeding pro se. On January 19, 2023, he filed a motion for relief in the general sessions court under Rule 60.02 of the Tennessee Rules of Civil Procedure.[2] In his motion, Mr. Bosan admitted to having been properly served with the FED warrant, but claimed the judgment against him was the product of fraud perpetrated by University Place. Specifically, Mr. Bosan alleged that, whereas University Place had initially filed the FED warrant due to his alleged failure to submit documents that were required to live at the apartment complex at issue, it then later represented to the general sessions court that he had failed to pay rent. Mr. Bosan contended that, if he had known that University Place planned to allege failure to pay rent, he could have produced proof of payment at trial. The general sessions court dismissed Mr. Bosan's motion for relief on January 23, 2023.

On January 24, 2023, Mr. Bosan filed a notice of appeal to circuit court. His appeal was later dismissed by the circuit court in an order entered on May 12, 2023, following which he filed a timely appeal in this Court.

In connection with this appeal, we observe that Mr. Bosan has filed a principal brief that, among other deficiencies, fails to include any citations to the appellate record. Of particular note, although his principal brief contains various allegations of fraud, it fails to include a single citation to where these instances are supported by the record on appeal. This failure, which frustrates our review, amounts to noncompliance with the rules of appellate procedure and the rules of this Court. Rule 27 of the Tennessee Rules of Appellate Procedure mandates that appellate briefs contain, among other things, the following:

> (a)  Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> . . . .
>
> > (6)  A statement of facts, setting forth the facts relevant to the issues presented for review with **appropriate references to the record**;
> >
> > (7)  An argument, which may be preceded by a summary of argument, setting forth:
> >
> > > (A)  the contentions of the appellant with respect to the

---

[2] We note that Mr. Bosan's counsel did not formally file a motion to withdraw from representation until February 26, 2023, and the motion to withdraw was not granted until March 13, 2023. Nevertheless, Mr. Bosan proceeded pro se in his January 19, 2023, motion for relief.

issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and **appropriate references to the record** (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27 (emphasis added). Moreover, Rule 6 of the Rules of the Court of Appeals of Tennessee states:

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. **No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.**

Tenn. Ct. App. R. 6(b) (emphasis added). As a pro se litigant, Mr. Bosan is entitled to "fair and equal treatment from the courts," and "courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014) (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)). However, we must also consider the balance between "fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. Here, Mr. Bosan's complete lack of appropriate citations renders all of his allegations unsupported, and neither this Court nor University Place is required to "verify unsupported allegations in a party's brief." *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993).

In fact, a party's "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000); *see also Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Here, because Mr. Bosan's principal brief does not support any allegations by appropriate citations to the record, we conclude that he has waived his issues on appeal and that the appeal should be dismissed.

University Place has requested that we award it its attorney's fees incurred on appeal pursuant to Tennessee Code Annotated section 27-1-122. In the exercise of our discretion, we respectfully decline to award University Place its attorney's fees in connection with this appeal.

## CONCLUSION

Because we conclude that Mr. Bosan has waived all issues on appeal due to his noncompliance with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, the appeal is hereby dismissed.


<u>s/ Arnold B. Goldin</u>
ARNOLD B. GOLDIN, JUDGE