IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 2, 2024

## CLAUDINE DESJARDINS v. KELLY WILSON ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 22C2496  Thomas W. Brothers, Judge**

_____

### No. M2023-00745-COA-R3-CV

_____

The appeal arises from a landlord-tenant dispute.  Because the appellant's brief falls well short of the requirements of both the Tennessee Rules of Appellate Procedure and the rules of this Court, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Claudine Desjardins, Nashville, Tennessee, pro se appellant.

James R. Tomkins, Nashville, Tennessee, for the appellees, Arthur Ford, Kelly Wilson, Christina O'Saile, and Freeman Webb Company.

### MEMORANDUM OPINION[1]

In general sessions court, Claudine Desjardins sued her landlord, Freeman Webb Company, and three of its employees, Kelly Wilson, Arthur Ford, and Christina O'Saile.[2] According to Ms. Desjardins, she suffered from "mental emotional distress, trauma[], depression, [and] anxiet[y]" due to their failure to resolve her complaints about a neighbor. She also alleged the employees acted with "discrimination" and "unfair treatments" toward her.  The general sessions court dismissed the case.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case."  TENN. CT. APP. R. 10.

[2] In some parts of the record below and her appellate brief, Ms. O'Saile's name is spelled "O'Sail." We use the spelling as it appeared in the caption of the case.

On appeal to the circuit court, Ms. Desjardins testified and presented emails and a memo detailing the issue. She recounted that, when she moved into her apartment complex in 2017, the defendants had "said it's a quiet place and everyone should live in peace." However, a neighbor living above Ms. Desjardins constantly made banging and slamming noises at all hours of the day. And the neighbor's pit bull made noise as well. By the time of trial, the noises had been bothering Ms. Desjardins for approximately seven years.

Ms. Desjardins complained to Freeman Webb employees about the noise disturbances in person and via emails. She sent one of the employees recordings of the noise. But the employee characterized the sounds on those recordings as "completely reasonable for apartment living" and told her that "there is no remedy or enforcement that can be taken against the upstairs neighbor." Ms. Desjardins had also called animal control and the police.

Freeman Webb repeatedly offered to transfer Ms. Desjardins to an apartment away from the neighbor, but Ms. Desjardins always declined. In her view, it was unfair to ask her to move when the neighbor was the one bothering her. Still, each year, Ms. Desjardins signed a lease renewal for her apartment.

Ms. Desjardins believed that the landlord had a responsibility to address her complaints because she rented the apartment from them. And she asserted that Freeman Webb and each of the employees owed her damages because they "abused [her] by ignoring all [her] complaints." She hypothesized that they may not have responded in the way she desired because of her race, nationality, accent, or because she did not have a lawyer.

At the close of Ms. Desjardins's proof, the defendants moved to dismiss the case.[3] The trial court concluded that Ms. Desjardins had neither established a nuisance claim nor a breach of contract claim against the landlord or employees. So it dismissed her case.

As she did at trial, Ms. Desjardins represents herself on appeal. Her two-page brief, consisting of two, short paragraphs, explains why she "disagree[s] with the court's decision." According to the brief, she "provided evidence for all of [her complaint] in court." But "the judge barely considered all the evidence that [she] had," "allow[ed] [her] little time to speak," and took the defendants' "[e]very word" as truth. So she is "requesting that t[his] court reconsider the decision."

---

[3] Specifically, the defendants moved for a directed verdict. Because "directed verdicts have no place in bench trials," we construe the defendants' motion as "a motion for an involuntary dismissal at the conclusion of the plaintiff's proof in accordance with Tenn. R. Civ. P. 41.02." *See Boyer v. Heimermann*, 238 S.W.3d 249, 254 (Tenn. Ct. App. 2007).

2

A party is entitled to fair treatment by our courts when they decide to represent themselves, but "[*p*]*ro se* litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Although pro se litigants are afforded a certain amount of leeway, we cannot entirely excuse them from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Rule 27 of the Tennessee Rules of Appellate Procedure requires that the appellant's brief contain, among other things, a statement of the issues presented for review, an argument, references to the record, and citations to legal authority. TENN. R. APP. P. 27(a). Additionally, Rule 6 of the Rules of the Court of Appeals of Tennessee requires that any written argument made in the appellant's brief contain, with appropriate references to the record, "the alleged erroneous action of the trial court," "how such alleged error was seasonably called to the attention of the trial judge," how the "appellant was prejudiced by such alleged error," and "a statement of each determinative fact relied upon." TENN. CT. APP. R. 6(a); *see also* TENN. R. APP. P. 27(a)(7) (requiring the argument section of the appellant's brief to set forth "the contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on").

Ms. Desjardins's brief fails to comply with these rules. Beyond a summary that might loosely be called a statement of facts, the brief contains no statement of the issues, statement of the case, argument, or citations to legal authority. Ms. Desjardins broadly accuses the trial court of "barely consider[ing] all the evidence." But we are left to guess what the trial court failed to consider or how that "affected the judgment" or "result[ed] in prejudice to the judicial process." TENN. R. APP. P. 36(b).

When an appellant has failed to comply with the rules and her brief is this deficient, dismissal of the appeal is appropriate. *See Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (dismissing appeal for failure to comply with appellate rules); *cf. Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781, 781 (Tenn. 1928) (recognizing this Court may "refus[e] to consider a case upon its merits, where the appellant has not complied with the rules of that court"). So we dismiss Ms. Desjardins's appeal.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE
