IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2025

## JUSTIN M. FINCH v. 28TH JUDICIAL DISTRICT IV-D CHILD SUPPORT AGENCY ET AL.

**Appeal from the Chancery Court for Haywood County**
**No. 2023-CH-29     Michael Mansfield, Chancellor**

_____

**No. W2024-00646-COA-R3-CV**

_____

The trial court dismissed the appellant's petition on a Tennessee Rule of Civil Procedure 12.02 motion. Because the appellant's brief falls well short of the requirements of both the Tennessee Rules of Appellate Procedure and the rules of this Court, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Justin M. Finch, Brownsville, Tennessee, self-represented appellant.

Jonathan Skrmetti, Attorney General and Reporter, and Katherine P. Adams, Assistant Attorney General, for the appellees, Office of the District Attorney General, Child Support Enforcement, for the 28th Judicial District, Janice Campbell, Robert Duck, Melody Delaney, and Kim Holmes.

**MEMORANDUM OPINION**[1]

**I.**

Justin M. Finch initiated this action with the filing of two documents, one labeled "Claim and Cause of Action" and another labeled "Notice of Demand for Due Process Safeguard Records." The trial court treated these documents as a single petition for relief.

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

The documents named as respondents the "28th Judicial District 4-D Child Support Agency,"[2] three employees of the Office of the District Attorney General, and one employee of the Tennessee Department of Human Services.

In his filings, Mr. Finch asked the court to dismiss two separate child support cases. As to one of the cases, he appeared to challenge the establishment of his paternity. In his eyes, the court had deprived him of due process "by not informing [him] of the legal consequences and responsibilities that arise from the acknowledgement of paternity." As to the other case, Mr. Finch appeared to allege that the court improperly garnished his wages for child support purposes following a divorce. Mr. Finch claimed that he "was not informed of the legal obligation (safeguards) that arises from signing a marriage certificate and in [the] event that a divorce occurs that [he] would be held accountable to pay [child support]." He felt "financially abused by the system" and "deprived of life, liberty and freedom."

Mr. Finch accused the Child Support Enforcement Office of "acting under the color of law," "committing a tort against [him] through contract with the Haywood Co. court system," and "lack of jurisdiction and fraud." And he argued that the Office of the District Attorney General had violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. In addition to requesting that the child support cases be dismissed, Mr. Finch sought "monetary compensation for the amount of [$]18,000 for all the money garnished out of [his] check while the [Office of the District Attorney General] was acting under the color of law."

By special appearance, the respondents moved to dismiss for insufficient service of process, lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. *See* TENN. R. CIV. P. 12.02(1), (2), (5), (6). Mr. Finch responded with a series of court filings, including a "Notice of Demand for Personal Responsibility Contract," an "Affidavit of Truth," and several motions to dismiss the child support cases based in part on his "rebuttal of me being a United States Citizen/Legislative Subject."

After a hearing, the trial court granted the respondents' motion to dismiss on all requested grounds. It concluded that the respondents had been improperly served by delivery of the complaint to the child support enforcement office. Thus, the court lacked personal jurisdiction over the respondents. The court also concluded that it lacked subject matter jurisdiction over one of the child support cases because another court retained exclusive jurisdiction over the case. And the doctrine of sovereign immunity divested the court of subject matter jurisdiction over Mr. Finch's claims for monetary relief. Finally,

---

[2] The trial court interpreted this as a misnomer for the Office of the District Attorney General, Child Support Enforcement, for the 28th Judicial District.

2

the court concluded that Mr. Finch's filings failed to state a claim upon which relief could be granted. The filings "fail[ed] to adhere to basic pleading standards, alternative remedies [we]re available, and [Mr. Finch] cite[d] inapplicable or unclear authority as the basis for relief."

## II.

As he did in the trial court, Mr. Finch represents himself on appeal. According to Mr. Finch's appellate brief, his rights have been violated by the requirement to pay child support because he has "refus[ed] to consent or contract with the IV-D agency" that enforces the obligation. Mr. Finch also alleges that the trial judge violated several rules of the Code of Judicial Conduct by entering some sort of contract "with the IV-D agency" and "violat[ing] the separation of powers doctrine." So he gives this court "notice . . . of the unalienable and God given rights violations caused by the chancery court" and asks us "to require [the trial judge] to either grant or deny [the judge's] recusal because of interlocutory issues revolving around this case."

Mr. Finch reminds us that he "is not a lawyer" and asks us to hold him "to less stringent standards than formal pleading drafted by lawyers." A litigant who represents himself is entitled to fair treatment by our courts, but such a litigant is "not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Although litigants who represent themselves are afforded a certain amount of leeway, we cannot entirely excuse them from complying with the same substantive and procedural rules imposed on represented parties. *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Rule 27 of the Tennessee Rules of Appellate Procedure requires that an appellant's brief contain, among other things, a statement of the issues presented for review, a statement of the case, a statement of facts, an argument, and citations to legal authority. TENN. R. APP. P. 27(a). Additionally, Rule 6 of the Rules of the Court of Appeals of Tennessee requires that any written argument made in the appellant's brief contain, with appropriate references to the record, "the alleged erroneous action of the trial court," "how such alleged error was seasonably called to the attention of the trial judge," how the "appellant was prejudiced by such alleged error," and "a statement of each determinative fact relied upon." TENN. CT. APP. R. 6(a); *see also* TENN. R. APP. P. 27(a)(7) (requiring the argument section of the appellant's brief to set forth "the contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on").

Mr. Finch's brief fails to comply with these rules. Although Mr. Finch cites to many—often inapplicable—legal authorities, his brief contains no statement of the issues,

statement of facts in support of his legal contentions, or statement of the case. Perhaps most problematic is the brief's lack of discussion of any of the issues decided by the trial court in its order on the motion to dismiss, which is the order from which Mr. Finch appeals. *See* TENN. R. APP. P. 13(b) (providing that "[r]eview generally will extend only to those issues presented for review"). Instead, Mr. Finch dedicates much of his brief to a discussion of post-judgment facts that cannot be considered on appeal. *See id.* 14 (limiting an appellate court's discretion to consider post-judgments facts). We are left to guess at the nature of the alleged error by the trial court related to the dismissal of Mr. Finch's filings. *See* TENN. CT. APP. R. 6(a).

## III.

When an appellant has failed to comply with the rules and his brief is this deficient, dismissal of the appeal is appropriate. *See Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (dismissing appeal for failure to comply with appellate rules); *cf. Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781, 781 (Tenn. 1928) (recognizing this Court may "refus[e] to consider a case upon its merits, where the appellant has not complied with the rules of that court"). So we dismiss Mr. Finch's appeal.

_____s/ W. Neal McBrayer_____
W. NEAL MCBRAYER, JUDGE